Ruffin, C. J.
 

 The trust between the parties, created by the deed, being admitted, it would, generally, be a matter of course to refer the accounts to the Master. But the defendant objects to the unnecessary expense and trouble of their reference in this case, because it appears clearly upon the pleadings, and the plaintiff’s own proofs on file, that the account cannot result in favor of the plaintiff; for the defendant has not, and never had, any trust fund, and, if he had the amount charged by the bill, he would not be accountable to the plaintiff upon this bill. And-the Court is of opinion, on those points, witli the defendant.
 

 The creditors secured by the deed are nót parties to the cause, but the bill is brought by the debtor alone, and prays for the payment to himself of an alleged surplus, remaining after the payment of all the debts. Now, he has himself proved that there is no such surplus ;'for his
 
 *165
 
 witness states, that, to that witness alone, $800 remains due, and both of the sums claimed in the bill amount only to $602 33. It may be admitted, that, even in those sums the plaintiff has an interest, as, by the application of them to the debts, he would be personally exonerated to that amount; and he has a right to call on the trustee and the creditors to make the application: and, therefore, that the bill ought not to be dismissed, but allowed to stand over in order-to make the creditors parties. But even that ■would not sustain the bill, for the plaintiff can only insist on being exonerated from the debts, as between him and the defendant, as far as the defendant is liable by his own default, and not by that of the plaintiff, to answer to the creditors; for the plaintiff, in this suit, is endeavoring to take care'only of his own interest, and not that of the creditors. Now, it is very certain, that the whole sum with which the defendant can be charged to any one, is that which may be found to be in Foster’s hands, on account of the surplus of the sales on execution, and of Sheek’s note, the latter of which is admitted to be $384 33, and the former the bill states to be $218. But those two sums, amounting together to $602 33, are not in fact due. as appears upon the evidence of the plaintiff’s witness, James Martin, but only the one sum of $216. For, Foster, as a creditor, was secured in the deed to the amount of $500, besides indemnified as a surety ; and in August,'1840, the plaintiff let him have Sheek’s note, to be applied to Foster’s own use, and to be accounted for by him in the settlement of the deed of trust. There is no evidence of any balance due from Foster, except that the answer states, that he admitted to the defendant, that there was one on account of Sheek’s note, but to what amount he did not state ; and except what appears upon the deposition of James S. Martin — which is, that after Foster made his assignment, that is, after November, 1840, the plaintiff and he settled their respective demands, under the deed and execution
 
 *166
 
 sales, and that Foster was found to be in debt $216. That was the whole balance, and must have included Sheek’s note, for no one states that there was any surplus of the sales on execution, except the plaintiff in the bill. ■The witness, Martin, does not intimate it, and the answer denies it, as far as the defendant knows. ■ No doubt, in the settlement, Foster included the debt to himself, which it is not pretended was in judgment and satisfied out of the execution sales; and so, it must be understood, it was intended he should do, when the note was delivered to him by the plaintiff, because he was to account for it upon .the deed. The whole debt of Foster, therefore, arose upon the transaction respecting Sheek’s note ; and, whatever fault the other creditors may have a right to find with the present defendant, for allowing the mill to be thus sold and the proceeds applied, the present plaintiff surely cannot complain, inasmuch as it was his own act. Therefore, he has no right to ask. that the defendant should exonerate him from that amount of the secured debts.
 

 But the bill brings forward a claim, founded upon the opportunity the defendant had, and his consequent obligation, to secure this balance out of the effects of Foster. In respect to the plaintiff, the defendant was not under any obligation to secure the sum in question; for the loss had been occasioned by the plaintiff, and it was his look-out to repair it. But in truth, the witnesses prove, that the defendant did all he could. It was in vain to sue Foster, for the sale to Sheek was in August, and, before November, Foster had conveyed all his tangible estate. Then nothing remained but to get whatever Foster would voluntai-ily offer of the debts due to him. Those the defendant took, as far as he was able to get them, for aught that can be seen ; and a witness for the plaintiff again proves, that the defendant was not able to realize one cent from them.
 

 It is therefore a case, in which the defendant has nothing, and never had any thing to account for, as between
 
 *167
 
 him and the plaintiff, and in which he is endeavoring to make the defendant liable for the consequences of his own blind confidence in Foster and the latter’s insolvency. As this appears clearly upon the plaintiff’s own proofs, read at the hearing, the Court allows the objection of the defendant to a reference, and dismisses the bill with costs.
 

 There is an inconvenience, to which the Court is often subjected, and which has been so particularly felt in this case, as to make it proper to draw the attention of the profession to it. Pleadings ought to be plainly written and the words spelt in full, and without contractions— especially papers that are sworn to. As the profession is not remarkable for good hand-writing, and, from much use to a variety of hands, can read almost any paper that has the words with all their letters, the Court is not disposed to be very particular. But, really, bills and answers are often submitted to us, in which there are so many contractions, words half spelt, and carelessness in hand-writing, that, with all our experience, we find it difficult to decipher them. In many instances words are to be guessed at from the context; for it is impossible to read them by themselves, as, indeed, they are not words, but only some of their component letters. A conviction for perjury could not be had on them. If such papers be sent to us again, we shall be compelled to put the parties to the expense of making fair copies, and, perhaps, order the originals to be taken off the file, or dismiss the suit.
 

 Per Curiam.
 

 Bill dismissed with costs.